IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.   CR-19-174-SLP |
| | ) | |
| CHRISTOPHER BLAND BYRNE, | ) | |
| | ) | |
| Defendant. | ) | |

### APPLICATION TO FILE MOTION UNDER SEAL

COMES NOW the plaintiff, United States of America, by Timothy J. Downing, United States Attorney for the Western District of Oklahoma, through Thomas B. Snyder, Assistant United States Attorney, and applies for an Order sealing the Government's Motion to Continue the hearing on Defendant Christopher Byrne's change of plea and sentencing in the above-captioned case.

A Sealing Order is requested by the Government for the reason that the Motion discusses matters that are sensitive and should not otherwise become public. Further, the Court already has the authority to seal court documents. *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) (finding that district court has authority to seal judicial documents "if right to access is outweighed by the interests favoring nondisclosure"); *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (observing that "[a]ll courts have supervisory powers over their own records and files" and may, in their discretion seal documents); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461

(10th Cir. 1980) ("It is beyond question that this court has discretionary power to control and seal, if necessary, records and files in its possession."); *see also In re Knight Pub. Co.*, 743 F.2d 231, 234 (4th Cir. 1984) (In criminal cases, "[t]he trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interest."); *United States v. Martin*, 746 F.2d 964 968 (3d Cir. 1984) (holding that district court has authority to seal judicial records and documents); *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (finding court has power to seal files where a party's interest in privacy may outweigh the public interest in disclosure); *Matter of Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256 (9th Cir. 1979) (holding that courts have inherent power to seal documents) (citations omitted).

WHEREFORE, the Government requests that the Court issue an Order sealing the Government's Motion to Continue the hearing on Defendant Christopher Byrne's change of plea and sentencing.

    Respectfully submitted,

    TIMOTHY J. DOWNING
    United States Attorney

    s/ THOMAS B. SNYDER
    THOMAS B. SNYDER
    OK Bar #31428
    Assistant United States Attorney
    210 Park Avenue, Suite 400
    Oklahoma City, OK 73102
    (405) 553-8700 (Office)
    (405) 553-8888 (Fax)
    thomas.snyder@usdoj.gov

## **CERTIFICATE OF SERVICE**

This is to certify that on July 29, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Docket Activity to the following ECF registrants:

Joseph L. Wells, counsel for Christopher Bland Byrne.

s/ THOMAS B. SNYDER
Assistant United States Attorney
